## LAMM v COOLMAN, et

Ohio Appeals, 9th Dist, Summit Co

No 2712.  Decided March 19, 1936

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiff.

Willis Bacon, Akron, and Frank M. Enright, Akron, for defendant B. E. Coolman.

Holliday, Grossman & McAfee, Cleveland, for defendant The East Ohio Gas Co.

## OPINION

By FUNK, PJ.

A detailed analysis of the evidence in this case would serve no useful purpose and could not be confined within the reasonable limits of an opinion. Suffice it to say that we are unanimously of the opinion that the evidence clearly shows that plaintiff did not understand or comprehend the character of the instrument he signed on May 11, 1933, or the extent of its operation, and did not comprehend the full meaning of what was said to him by defendant Coolman and his attorney at the time he (plaintiff) signed said deed, and that while there is considerable conflict in the testimony of witnesses for plaintiff and said defendant as to what was said at the several conferences between plaintiff and said Coolman, we find the evidence to be such that Coolman should be ordered to reconvey said gas and mineral rights to plaintiff, and in lieu thereof that the deed be ordered cancelled and a proper record made thereof.

We might say further that, at best, from the testimony on behalf of defendant Coolman, the transaction between said defendant Coolman and plaintiff on May 11, 1933, was but an incompleted agreement, as said defendant Coolman and his attorney both say that plaintiff was to see them the next day to complete the contract and agree in writing just what said Coolman would do with any proceeds received by him from the gas under said lands, and how plaintiff was to be compensated for crops destroyed if any wells were drilled upon his land, and that accordingly plaintiff was not required to complete said oral agreement, and especially so when he was informed by his son Nick, a friend, and an attorney, that the instrument he had signed on May 11 was not what he understood it to be from what defendant and his attorney had said to him about it.

A decree may be drawn in accordance with this opinion, and the cross-petition of the defendant Coolman dismissed at his costs.

STEVENS and WASHBURN, JJ, concur in judgment.